**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry L. HAGER, Defendant–Appellant.**

No. 92–2159.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1993.

Decided Feb. 1, 1993.

Martin S. Warhurst, Kansas City, MO, for appellant.

David D. Newbert, Kansas City, MO, for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Terry L. Hager appeals the 262–month sentence imposed by the District Court[1] upon his plea of guilty to armed bank robbery, a violation of 18 U.S.C.A. § 2113(a) and (d) (West Supp.1991). We affirm.

Hager was charged with three counts in connection with a bank robbery that occurred in April 1991: bank robbery; use of a firearm in the commission of a felony; and being a felon in possession of a firearm. He pled guilty to all three counts pursuant to a plea agreement executed on June 26, 1991. The agreement contemplated that Hager's offense level under the sentencing guidelines would be 31, but went on to make clear that the final determination about offense characteristics and/or adjustments was up to the Court, with input from the U.S. Probation Office. The agreement further explained that Hager's plea subjected him to a statutory maximum sentence of 35 years in prison; and that if the Court did not agree to the terms of the agreement his plea could be withdrawn.

---

* The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

After Hager's guilty plea was taken, the probation office conducted a presentence investigation and prepared the customary presentence report. The report set his offense level of 32—noting that the plea agreement had failed to reflect Hager's career offender status. The Court accepted the conclusions in the report (including a two-point reduction for acceptance of responsibility, which was a benefit Hager got from his guilty plea). Hager was sentenced to 262 months' imprisonment, plus 60 months as a mandatory consecutive sentence for his use of a firearm. The 262 month sentence is at the very top of the guideline range for category 32. As reasons for the sentence, the District Court cited the nature and circumstances of the offense (Hager shot a teller as he made his exit), Hager's criminal history, and the need for deterrence of others and protection of society.

On appeal, Hager's basic argument is that the district court rejected the plea agreement; thus he should have been able to withdraw his guilty plea. He also seems to argue that he was "duped" into entering into the plea agreement, which covertly led him to believe he would spend a shorter term in prison than that which was eventually imposed.

■ Defendant's assertions are without merit. The plea agreement merely calculates what the parties anticipated his sentence would be, based on what they knew at the time it was executed. He had not disclosed an earlier conviction (even to his own attorney) when the agreement was made; so he is in no position now to argue that *he* was the one who was deceived at the time. This is particularly so in light of the fact that, notwithstanding his escape from prison during the pendency of these charges, the government recommended (and Hager received) a 2–point reduction for acceptance of responsibility. The United States also forewent the opportunity to charge Hager with escape.

■ The bottom line here is that the District Court did not reject the plea agreement; thus Hager did not even have an arguable right under Fed.R.Crim.P. 11(e)(4) to withdraw his guilty plea. The agreement's recitation of probable sentencing ranges does not amount to a recommendation by the government, especially in light of the admonition (which appears several times in the agreement) that the final sentencing decision belongs to the Court. The government kept its only promise—that being to recommend a two point reduction for acceptance of responsibility. The Court then made appropriate inquiry from Hager before accepting the agreement to ensure that no promise as to his sentence had been made.

Closely related to defendant's protestations about the plea agreement being breached by the prosecutor and Court is his argument that he was not adequately represented by counsel during the proceedings below. Based largely on the decision above that no error or impropriety occurred, we find that Hager has failed to satisfy the rigid requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to show ineffective assistance of counsel.