7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Amado SUAREZ, also known as Amado Pupo, Appellant.
 No. 93-2325.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 6, 1993.
Filed: October 12, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Amado Suarez appeals the 300-month sentence imposed after he pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). We affirm.
 
 
 2
 Adopting the presentence report's (PSR) recommendation, the district court[1] determined that Suarez should be classified as a career offender under U.S.S.G. § 4B1.1 because of two applicable prior felony convictions. This resulted in a total offense level of 35, a criminal history category of VI, and a Guidelines range of 292 to 365 months. The court sentenced Suarez to 300 months in prison and eight years of supervised release.
 
 
 3
 On appeal, Suarez argues that his guilty plea was involuntary because a probation officer had estimated that his total offense level would be 24, his criminal history category would be II or III, and a statutory minimum sentence of ten years would apply because of one prior drug felony. However, this estimate was based upon information Suarez provided, and he did not disclose the second conviction that caused his eventual career offender classification. At the change of plea hearing, Suarez was advised that he faced a minimum sentence of ten years and a maximum of life in prison. After receiving the PSR, Suarez never moved to withdraw his plea. This argument is without merit.
 
 
 4
 Suarez also argues that the government failed to provide notice under 21 U.S.C. § 851 that it would seek a career offender enhancement, and the district court failed to comply with Fed. R. Cr. P. 11(e)(4). However, it is well-settled in this circuit that the § 851 notice procedures "don't apply to the Guidelines' career-offender enhancement." United States v. Abanatha, 999 F. 2d 1246, 1251 (8th Cir. 1993). As the Government proved two qualifying prior felony convictions by a preponderance of the evidence, the district court did not err in applying the enhancement. In addition, the district court did not reject a plea agreement, so Rule 11(e)(4) was inapplicable. See United States v. Hager, 985 F.2d 945, 946 (8th Cir. 1993).
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE D. BROOK BARLETT, United States District Judge for the Western District of Missouri