68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Jason Michael HARDY, Appellant.
 No. 94-1352.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 12, 1995.
Filed: Oct. 4, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jason Michael Hardy appeals his conviction and 57-month sentence imposed by the district court[1] after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g) and 924(a)(2). We affirm.
 
 
 2
 Hardy entered into a plea agreement in which the government agreed, inter alia, to recommend a sentence at the low end of the applicable guideline range, which appeared to be 37-46 months based on a criminal history category of III. The agreement further provided that if the presentence report (PSR) determined a different criminal history category, "the realities shall be controlling of the result and the sentencing range." At the guilty-plea hearing, Hardy stated he understood that the guideline range in the plea agreement was not controlling and that the ultimate range was for the district court to decide.
 
 
 3
 The PSR calculated Hardy's criminal history at category V and the guideline range at 57-71 months. Hardy did not object to the PSR. The government recommended a downward departure under U.S.S.G. Secs. 4A1.3 and 5K.1, arguing that the category V overstated Hardy's criminal history. The district court declined to depart downward, noting that Hardy had received the benefit of the four-point cap for certain offenses under U.S.S.G. Sec. 4A1.1(c) and that without this cap, Hardy's criminal history score would have placed him in category VI. The district court sentenced Hardy to 57 months of imprisonment and 3 years of supervised release.
 
 
 4
 In a brief filed for Hardy pursuant to Anders v. California, 386 U.S. 738 (1967), counsel argues the only possible claim of error was the district court's refusal to depart downward. Hardy argues in his pro se brief that the district court violated Federal Rule of Criminal Procedure 11 by refusing to allow him to withdraw his plea and enter into a new plea agreement after the PSR calculated a criminal history score yielding a guideline range greater than that set forth in the plea agreement.
 
 
 5
 A refusal to depart downward is unreviewable where the district court was aware of its authority to depart downward and exercised its discretion not to do so. United States v. Hall, 7 F.3d 1394, 1396 (8th Cir.1993). Here, the district court's evaluation of the arguments for a downward departure indicates that the court knew of its authority to depart and simply did not find justification for exercising that authority.
 
 
 6
 Because Hardy did not first seek in the district court to withdraw his plea based on the government's alleged breach of the plea agreement, the issue is not cognizable in this appeal. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir.1990). Furthermore, because the district court did not "reject" the plea agreement when it found the appropriate guideline range to be 57-71 months, Hardy did not have a right to withdraw his guilty plea under Rule 11(e)(4) (where court rejects plea agreement, defendant afforded opportunity to withdraw plea). See also United States v. Hager, 985 F.2d 945, 946 (8th Cir.1993).
 
 
 7
 Having carefully reviewed the record, we find no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota