**UNITED STATES of America, Appellant,**

v.

**Tyrone G. COOPER, Appellee.**

**No. 92–3501.**

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1995.

Decided Aug. 22, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 12, 1995.

**762**

Lee Lawless, Federal Public Defender, St. Louis, MO, argued, for appellant.

Suzanne Modelin Flanegin, Asst. U.S. Atty., St. Louis, MO, argued (Joseph M. Landolt, on the brief; David S. Kris, U.S. Dept. of Justice, Washington, DC, on the supplemental brief), for appellee.

Before WOLLMAN and LOKEN, Circuit Judges, and HUNTER,* Senior District Judge.

PER CURIAM.

Tyrone G. Cooper was convicted of three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The offenses occurred on August 24, 1991, September 24, 1991, and January 23, 1992. On appeal, Cooper argued that the district court violated the Ex Post Facto Clause in determining his sentence when it applied November 1, 1991, amendments to the Sentencing Guidelines. We affirmed, *United States v. Cooper*, 35 F.3d 1248 (1994), and Cooper petitioned the Supreme Court for a writ of certiorari. That Court vacated our judgment and remanded for "further consideration in light of *California Department of Corrections v. Morales*, 514 U.S. ——, 115 S.Ct.

1597, 131 L.Ed.2d 588 (1995)." *Cooper v. United States*, —— U.S. ——, 115 S.Ct. 1820, 131 L.Ed.2d 742 (1995). We then received additional briefs from the parties regarding the issues on remand.

We conclude the Supreme Court's decision in *Morales* does not alter the result in this case. *Morales* did somewhat modify the law we applied in this case by stating that, to trigger the Ex Post Facto Clause prohibition, a change in the law must "increase[] the penalty by which a crime is punishable," and not merely "disadvantage" the offender. —— U.S. at —— n. 3, 115 S.Ct. at 1602 n. 3. But that change could only work to Cooper's disadvantage on appeal. Moreover, that change in the law was significant in *Morales*, because the issue was whether a change in California law increased an inmate's punishment. Here, on the other hand, the government concedes that application of the November 1, 1991, Guidelines did increase Cooper's total sentence; the issue is whether the Ex Post Facto Clause nonetheless permits application of the amended Guidelines to determine Cooper's sentence because part of his criminal conduct occurred in 1992.

In his Supplemental Brief, Cooper argues that we erred in applying the Guidelines' "one book" rule, U.S.S.G. § 1B1.11(a), because the Ex Post Facto Clause prohibits use of that rule when the effect is to increase the penalty for an offense committed before a Guidelines amendment. We disagree. Cooper committed three firearms offenses whose offense level is determined under § 2K2.1. Those offenses therefore "are to be grouped" under § 3D1.2. Application of the post-November 1, 1991, grouping rules increased Cooper's penalty. Because the last of these groupable offenses occurred in January 1992, Cooper had "fair warning" of the total penalty this additional criminal conduct would entail. *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 963–64, 67 L.Ed.2d 17 (1981). In this context, that is all the Ex Post Facto Clause requires.

---

* The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

Our prior opinion affirming Cooper's conviction and sentence is hereby reinstated.