No. 96-1288

United States of America,

     Appellee,

        v.

James Edward Evans,

     Appellant.

\* Appeal from the United States
District Court for the Eastern
District of Missouri.

Submitted: June 11, 1996

Filed: July 2, 1996

Before MORRIS SHEPPARD ARNOLD and FLOYD R. GIBSON, Circuit Judges, and
    ROSENBAUM,[*] District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

James Edward Evans appeals the district court's order revoking his
supervised release and sentencing him to a term of imprisonment. We affirm
the judgment of the district court[1].

I.

In 1992, Evans was convicted in the Western District of Texas of
possession of marijuana with the intent to distribute it, see 21 U.S.C.
§ 841(a)(1), and was sentenced to 51 months in prison

---

[*]The HONORABLE JAMES M. ROSENBAUM, United States District
Judge for the District of Minnesota, sitting by
designation.

[1]The Honorable Charles A. Shaw, United States District Judge
for the Eastern District of Missouri.

followed by five years of supervised release. Because the maximum supervised release term for this offense is three years, see 18 U.S.C. § 3583(b)(2), see also 18 U.S.C. § 3559(a), his sentence was illegal.

In 1994, jurisdiction over Evans's supervised release was transferred from the Western District of Texas to the Eastern District of Missouri. In 1995, Evans violated the conditions of his supervised release, and the district court sentenced him to seven months in prison followed by 24 months of supervised release. Later that year, Evans again violated the conditions of his supervised release, so the district court revoked it and sentenced him to 13 months in prison. It is this third sentence that Evans appeals.

II.

A.

Evans first argues that the district court improperly relied on his illegal original sentence in determining his sentence. He asks us to remand the case to the district court with instructions to resentence him without considering the illegal sentence. Evans relies upon Williams v. United States, 503 U.S. 193, 201-03 (1992), but we do not think that that case helps him. In Williams, the Supreme Court held that it was reversible error for a district court to base a sentence solely upon considerations not approved by the sentencing guidelines. Id. at 201-02.

Williams also indicated, however, that where the district court weighed both proper and improper considerations in determining the sentence, remand is not necessary if it is clear that the district court would have imposed the same sentence in the absence of the unauthorized consideration. Id. at 202-03. We have carefully reviewed the record and find no evidence that the district court considered Evans's illegal sentence at all in

-2-

arriving at his sentence.  In fact, when he tried to argue that his original sentence was illegal, the court told him that the issue was irrelevant to the revocation proceeding.

B.

Evans next contends that, when he first violated his release terms in 1995, the district court should not have sentenced him to a second term of supervised release.  We have always permitted such "stacking" of supervised release terms, see, e.g., United States v. Schrader, 973 F.3d 623, 624-25 (8th Cir. 1992).  The Fifth Circuit, however, prohibited "stacking" at the time that Evans was originally convicted, see, e.g., United States v. Holmes, 954 F.2d 270, 272 (5th Cir. 1992), and he asserts that this rule should have applied to him because he was convicted in Texas.  He reasons that the district court lacked authority to revoke his release because it was illegally imposed in the first place.

Evans is essentially trying to challenge his second sentence, which the district court imposed in 1995.  Because he never appealed from that earlier proceeding, we believe that he waived the issue of any legal infirmity in that sentence.  See, e.g., United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995).  Even if we assume that he has not waived the issue, and further assume that he is correct that the law of the Fifth Circuit as it stood when he was sentenced the second time should have applied to his case (a proposition that we seriously doubt), however, his argument still fails.

Congress amended the relevant statute, see 18 U.S.C. § 3583(h), in 1994 to make it clear that "stacking" was permissible.  See, e.g., United States v. Hartman, 57 F.3d 670, 671 (8th Cir. 1995) (per curiam).  Thus the fact that the Fifth Circuit prohibited "stacking" at the time that Evans was originally convicted is beside the point.  The amended statute applied to his

case in 1995 because the district court did not increase the sentence for his original crime but merely punished him for violating his supervised release, an event that occurred after the amendment became effective. See, e.g., United States v. Cooper, 35 F.3d 1248, 1251-52, 1252-53 n.7 (8th Cir. 1994), aff'd, 63 F.3d 762 (8th Cir. 1995) (per curiam), cert. denied, 116 S. Ct. 1548 (1996).

C.

Evans argues finally that the district court lacked the power to revoke his supervised release because his transfer from the Western District of Texas to the Eastern District of Missouri was illegal. He maintains that the terms and conditions of his release were modified when he was transfered to a jurisdiction that permitted "stacking," and that his transfer was therefore covered by Fed. R. Crim. P. 32.1(b), which requires a "hearing and assistance of counsel ... before the terms or conditions of ... supervised release can be modified." This argument is without merit.

In the first place, although Evans now says that he had no notice of his transfer, the record shows that he asked for it. In any event, we agree with the Ninth Circuit that the "location of [supervised release] jurisdiction is not ... a term or condition" within the meaning of Fed. R. Crim. P. 32.1(b). United States v. Ohler, 22 F.3d 857, 858 (9th Cir. 1992). The fact that the Fifth Circuit (at one time) prohibited "stacking" terms of supervised release, and the Eighth Circuit permitted it, is therefore irrelevant. The change in venue did not affect the terms and conditions of Evans's release (those terms were clearly set out by the Western District of Texas in a document called "Standard Conditions of Supervision"); rather, it affected what happened if he violated them.

-4-

III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.