**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50329
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL MARIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CR-232-SS-ALL

March 23, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rafael Marin challenges the district court's imposition of a second term of supervised release following the revocation of his original supervised-release term, pursuant to the amended provisions of 18 U.S.C. § 3583. Marin argues that, because the amendments did not become effective until the date of his underlying convictions and because the amendments subject him to a harsher sentence than he would have received under the preamendment statute, the district court's sentence violates the Ex Post Facto Clause of the United States Constitution.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Because Marin did not object to the second supervised release term before the district court, our review is for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). There are no Fifth Circuit cases determining whether the application of the amended provisions of § 3583 in a revocation proceeding violates the Ex Post Facto Clause when the underlying offense occurred prior to the effective date of the amendments but the conduct for which supervised release was revoked occurred after the effective date of the amendments.[2] In the absence of such precedent, Marin is unable to show that the district court committed an obvious legal error, and he therefore fails to demonstrate plain error on the district court's part. See id. Accordingly, the district court's judgment is AFFIRMED.

---

[2]Moreover, the Circuits which have addressed the issue have reached conflicting conclusions. Compare, e.g., United States v. Withers, 128 F.3d 1167, 1170 (7th Cir. 1997) (holding that application of amended § 3583 did not violate the Ex Post Facto Clause even though the sentence imposed was not possible at the time of the defendant's original conviction); United States v. Evans, 87 F.3d 1009, 1010-11 (8th Cir. 1996) (same); Unites States v. Reese, 71 F.3d 582, 588 (6th Cir. 1995) (same); with United States v. Dozier, 119 F.3d 239, 244 (3d Cir. 1997) (holding that the application of amended § 3583 when the amendments would not have applied at the time of the original conviction violated the Ex Post Facto Clause because the amendments increased the penalties for the original offense); United States v. Collins, 118 F.3d 1394, 1397-98 (9th Cir. 1997) (same); Unites States v. Meeks, 25 F.3d 1117, 1122-23 (2d Cir. 1994) (same). These decisions underscore the lack of guiding authority on the issue and demonstrate the absence of a clear or legal error on the district court's part.

2