# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2108

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Thomas Henry Navarez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 3, 1998

Filed: November 10, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Thomas Henry Navarez pleaded guilty to conspiring to distribute 100 grams or more of methamphetamine from May through December 1995, in violation of 21 U.S.C. § 846. At the plea hearing, the government agreed to recommend that Navarez receive a base offense level of 26 and a two-level reduction for acceptance of responsibility--for a total offense level of 24--and also to move for dismissal of a related failure-to-appear charge. The district court warned Navarez that the court might sentence him more severely than the sentencing range applicable to a total offense level of 24.

Navarez's presentence report (PSR) indicated a total offense level of 26 resulting from a two-level increase for obstruction of justice, see U.S. Sentencing Guidelines Manual § 3C1.1 (1997), based on Navarez's failure to appear for trial. Navarez did not object to the PSR, and the district court[1] adopted the PSR's Guidelines calculations. The district court then sentenced Navarez to 63 months' imprisonment and four years' supervised release and granted the government's motion to dismiss the failure-to-appear charge. Navarez appeals, arguing that (1) he should have been allowed to withdraw his guilty plea when the government "breached" the plea agreement; (2) the district court should have granted him a downward departure based on his age and lack of criminal record; (3) the district court failed to use the Guidelines in effect at the time the offense was committed; and (4) his attorney was ineffective. We affirm.

Because Navarez neither moved below to withdraw his plea based on an alleged breach of the plea agreement nor objected to the PSR, we conclude that his first three arguments were not preserved for appeal and can be reviewed only for plain error. See United States v. Cohen, 60 F.3d 460, 462-63 (8th Cir. 1995); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc). We also conclude that no plain error occurred. Navarez's total offense level was two levels higher than anticipated only because the probation officer, not the government, recommended a two-level increase for obstruction of justice; moreover, the court warned Navarez at the plea hearing that it would not be bound by the parties' stipulated offense level. See United States v. Hager, 985 F.2d 945, 946 (8th Cir. 1993).

The district court also did not plainly err by failing to depart downward based on Navarez's age and lack of criminal history, see United States v. Hildebrand, 152 F.3d 756, 767 (8th Cir. 1998); United States v. Big Crow, 898 F.2d 1326, 1331 (8th Cir. 1990), and the district court properly applied the 1995 Guidelines, because the

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

offense occurred between May and December 1995, <u>see</u> <u>United States v. Cooper</u>, 35 F.3d 1248, 1251 (8th Cir. 1994) (with conspiracy it is completion date of offense that controls version of Guidelines to be applied), <u>vacated</u>, 514 U.S. 1094, <u>reinstated</u>, 63 F.3d 761, 762-63 (8th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1158 (1996).  Finally, we conclude that Navarez's ineffective-assistance claim would be more appropriately addressed in a 28 U.S.C. § 2255 proceeding, where a record could be more fully developed.  <u>See</u> <u>United States v. Mitchell</u>, 136 F.3d 1192, 1193 (8th Cir. 1998).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.