UNITED STATES of America, Appellee,

v.

**Thomas Alan KRABBENHOFT,**
**Appellant.**

No. 92–3561.

United States Court of Appeals,
Eighth Circuit.

Submitted March 19, 1993.

Decided July 12, 1993.

Michael L. Gjesdahl, Fargo, ND, for appellant.

Gary Annear, Asst. U.S. Atty., Fargo, ND, for appellee.

Before FAGG, MAGILL, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Thomas Krabbenhoft violated a condition of his two-year term of supervised release. As a result, the district court[1] revoked his supervised release and imposed a 15–month term of imprisonment pursuant to 18 U.S.C.

§ 3583(e). Krabbenhoft appeals, and we affirm.

## I.

In August 1989, Krabbenhoft pled guilty to one count of distribution and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Krabbenhoft to serve a two-year term of probation and pay a special assessment of $50. In 1990, Krabbenhoft violated several conditions of his probation, and in June 1990, he waived the right to a hearing and agreed to extend his probation by one year. In August 1990, Krabbenhoft again violated a condition of his probation, and on August 22, 1990, the district court revoked his probation and ordered Krabbenhoft to serve a four-month term of imprisonment and a two-year term of supervised release.

After serving his four-month prison term, Krabbenhoft immediately began serving his term of supervised release. In April 1992, however, Krabbenhoft pled guilty in Minnesota state court to second degree burglary and receiving stolen goods, thus violating a condition of his supervised release. As a result, on October 14, 1992, the district court revoked Krabbenhoft's supervised release and sentenced him to a 15–month term of imprisonment in accordance with 18 U.S.C. § 3583(e). Unlike the cases relied on by Krabbenhoft, the district court did not impose an additional term of supervised release to follow incarceration. On appeal, Krabbenhoft argues that the district court exceeded its authority under 18 U.S.C. § 3583(e) when it imposed the 15–month prison term.

## II.

### A.

Pursuant to 18 U.S.C. § 3583(e), the district court is authorized to revoke, modify, or terminate a defendant's term of supervised release. The applicable statute reads as follows:

(e) Modification of conditions or revocation. The court may ... —

---

1. The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ...;

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release ...;

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release ... except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony; or

(4) order the person to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

18 U.S.C. § 3583(e). Krabbenhoft asserts that because Congress used the disjunctive "or" a district court has the authority to choose only one of these four alternatives when applying § 3583(e). In this case, Krabbenhoft argues that the district court exceeded its authority by combining § 3583(e) alternatives in the following manner: (1) extending Krabbenhoft's term of supervised release to 15 months pursuant to § 3583(e)(2); and (2) revoking this "extended" 15–month term of supervised release and imposing a prison term equal in length to the "extended" term of supervised release pursuant to § 3583(e)(3). Because we conclude that the district court did not "extend" Krabbenhoft's term of supervised release, and thus did not combine the alternatives contained in § 3583(e), we affirm.[2]

**B.**

Krabbenhoft asserts that the district court first extended his term of supervised release pursuant to § 3583(e)(2). This assertion, however, depends entirely upon acceptance of Krabbenhoft's proposed definition of "term of supervised release." According to Krabbenhoft, the "term of supervised release" that is subject to modification, revocation, or termination pursuant to § 3583(e) is not the term as originally imposed by the district court. Rather, Krabbenhoft contends that the phrase "term of supervised release" as used in § 3583 "refers to the existing, unserved term of supervised release." Appellant's brief, at 7. At the time of the revocation hearing, Krabbenhoft had approximately two and a half months remaining to serve on his two-year term of supervised release. Thus, Krabbenhoft argues that the two-and-a-half-month period was the "term of supervised release" that the district court extended to 15 months pursuant to § 3583(e)(2) at the revocation hearing.

When imposing a sentence, the district court may, and in most cases is required to,

---

**2.** In crafting his argument, Krabbenhoft relies on cases in the several circuits that hold a district court may not combine the alternatives in § 3583(e) by revoking a defendant's term of supervised release, imposing a term of imprisonment, and then reimposing an additional term of supervised release after incarceration. *See United States v. Rockwell,* 984 F.2d 1112 (10th Cir. 1993) (§ 3583(e) authorizes a district court to revoke a term of supervised release and impose a prison term or extend a term of supervised release, but not both), *cert. denied,* — U.S. —, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993); *United States v. Parriett,* 974 F.2d 523, 527 (4th Cir. 1992) (same); *United States v. Koehler,* 973 F.2d 132 (2d Cir.1992) (same); *United States v.*

*Williams,* 958 F.2d 337 (11th Cir.1992) (same); *United States v. Holmes,* 954 F.2d 270 (5th Cir. 1992) (same); *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990) (same). We acknowledge that this court has arguably distinguished itself from the majority of courts on this issue, *see United States v. Schrader,* 973 F.2d 623, 625 (8th Cir.1992) ("[Pursuant to § 3583(e)] if a district court finds that an offender has violated the terms of his supervised release, the district court ... can require the offender to serve a portion of the time remaining on the term of supervised release in prison and the remaining time on supervised release."), but because we hold that the district court did not combine § 3583(e) alternatives we find this line of cases inapplicable.

order a defendant to serve a "term of supervised release" after the defendant completes an imposed term of imprisonment. 18 U.S.C. § 3583(a). An "authorized term[ ] of supervised release" may last up to five years in length depending on the class of crime of which the defendant was convicted. 18 U.S.C. § 3583(b). As used in § 3583(a)–(b), therefore, the phrase "term of supervised release" refers to the term originally imposed by the district court at sentencing. Krabbenhoft urges us to apply a different definition to this phrase when it appears later in the same statutory provision, § 3583(e), and we decline to do so. *See Kifer v. Liberty Mut. Ins. Co,* 777 F.2d 1325, 1333 n. 9 (8th Cir.1989) (" 'when the same word or phrase is used in the same section of an act more than once, and the meaning is clear as used in one place, it will be construed to have the same meaning in the next place' ") (citation omitted).

Furthermore, Krabbenhoft's proposed definition of "term of supervised release" is illogical in light of the statute as a whole. Pursuant to § 3583(e)(3), a district court may revoke a defendant's term of supervised release "and require the person to serve in prison all or part of the term of supervised release *without credit for time previously served on postrelease supervision."* 18 U.S.C. § 3583(e)(3) (emphasis added). Krabbenhoft's definition of "term of supervised release" would mandate what the statute expressly prohibits. By applying a definition of "term of supervised release" that changes according to the amount of time the defendant has already spent on supervised release, a district court would very simply be giving "credit for time previously served." [3] We conclude therefore that "term of supervised release" as used in § 3583(e) means the term of supervised release as originally imposed by the district court at sentencing.

---

**3.** Krabbenhoft's definition of "term of supervised release" also results in a significant restriction on the discretion of the district court to punish a violation of a condition of supervised release in some cases. We offer the example of a defendant serving a three-year term of supervised release who violates a condition of his supervised release after serving two years and 11 months of the term. Under Krabbenhoft's floating, indefinite definition, § 3583(e)(3) would authorize the

### III.

We hold that the district court did not extend Krabbenhoft's term of supervised release. *See* 18 U.S.C. § 3583(e)(2). Instead, the district court relied solely on § 3583(e)(3) to revoke Krabbenhoft's two-year term of supervised release and order him to serve 15 months in prison. Although Krabbenhoft does not raise the issue, we note that a 15–month prison term falls within the two-year statutory maximum provided by § 3583(e)(3) for Class D felonies even when added to the four-month term he previously served after violating a term of his original and extended probation. Accordingly, we affirm Krabbenhoft's sentence.

---

district court to impose a term of imprisonment no greater than one month in length regardless of the severity of the violation. Under such circumstances, the deterrent effect of revocation would diminish each day the defendant serves on supervised release and it would lose its effectiveness in securing the defendant's obedience to the terms of his supervised release, a decidedly undesirable result.