United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3338

_____

United States of America,     \*

             \*

    Appellee,     \*

             \* Appeal from the United States

  v.          \* District Court for the

             \* Eastern District of Missouri.

Jocelyn "Nina" Spinali,    \*

             \* **[UNPUBLISHED]**

    Appellant.    \*

_____

Submitted: May 22, 1997
Filed: June 19, 1997

_____

Before McMILLIAN, FAGG and LOKEN, Circuit Judges.

_____

PER CURIAM.

  In 1993, Jocelyn Spinali pleaded guilty to one count of mail fraud and one count of making a false statement to obtain a loan from the Department of Housing and Urban Development, in violation of 18 U.S.C. §§ 1341, 1010, and 2. The district court[1] sentenced her to twenty four months in prison followed by two years of supervised release. Spinali began her supervised release on March 22, 1995. In July 1996, the court found that Spinali had violated three supervised release conditions, revoked

_____

  [1]The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri.

supervised release, and sentenced Spinali to six months in prison and fourteen months of additional supervised release. Spinali appeals. We affirm.

After careful review of the record, we conclude that the district court did not abuse its discretion in revoking Spinali's supervised release. The government's evidence at the revocation hearing was sufficient to establish that Spinali had violated release conditions by submitting false credit applications, by falling substantially in arrears on her child support obligations, and by failing to timely advise the probation office of changes in her employment.

As to the revocation sentence, a six-month prison term is within the maximum authorized for the "Grade B" supervised release violations Spinali committed, see U.S.S.G. §§ 7B1.1(a)(2), 7B1.4, and fourteen months of additional supervised release is within the maximum authorized by 18 U.S.C. § 3583(e)(3), as construed in a long line of Eighth Circuit cases such as United States v. St. John, 92 F.3d 761, 766-67 (8th Cir. 1996) (revocation sentence may include both imprisonment and additional supervised release, but the aggregate may not exceed defendant's original term of supervised release).

We have carefully considered Spinali's remaining contentions on appeal and conclude they are without merit. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.