**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Brian COLLINS,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronnal AULT, Defendant–Appellant.**

Nos. 96–30115, 96–30187.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1997.

Decided July 9, 1997.

Joseph W. Bottini, Assistant United States Attorney, Anchorage, AK, Donald E. Kresse, Jr., Assistant United States Attorney, Yakima, WA, for Plaintiff–Appellee.

Mary C. Geddes, Michael S. Taggart, Assistant Federal Defenders, Anchorage, AK, Jane Greek, Nancy D. Tenney, Assistant Federal Defenders, Yakima, WA, for Defendants–Appellants.

Before WRIGHT, CANBY, and TASHIMA, Circuit Judges.

CANBY, Circuit Judge.

Thomas Brian Collins, who pleaded guilty to bank robbery, and Ronnal Reno Ault, who pleaded guilty to being a felon in possession of a firearm, appeal the district courts' judgments that amended their sentences after they violated the terms of their supervised releases.[1] The district courts revoked Collins' and Ault's supervised releases and, pursuant to 18 U.S.C. § 3583(h), imposed terms of incarceration followed by new additional terms of supervised release. Collins and Ault contend that the application of section 3583(h) violated the *Ex Post Facto* Clause because: (1) section 3583(h) was enacted after Collins and Ault committed their underlying crimes; and (2) its application exposed them to greater punishment than the law that was effective when they committed their underlying crimes. We agree, and remand both cases with instructions to vacate the supervised release portions of the defendants' sentences.

## BACKGROUND

**Collins:**

In February 1991, Collins committed bank robbery. He pleaded guilty and was sentenced to fifteen months imprisonment followed by three years of supervised release. He served his fifteen months imprisonment and began his supervised release. In 1995, he violated the conditions of his supervised release. The district court accordingly revoked Collins' supervised release and entered an amended judgment that ordered him to serve ten months in prison followed by twenty-six months of supervised release.

**Ault:**

In January 1994, Ault committed the crime of being a felon in possession of a firearm to which he pleaded guilty. The district court sentenced him to eighteen months imprisonment followed by three years of supervised release. Ault served his eighteen months in prison and began his supervised release. In 1996, he violated the terms of his supervised release. The district court revoked his supervised release and entered an amended judgment that ordered him to serve fourteen months imprisonment followed by twenty-two months of supervised release.

## ANALYSIS

The issue on appeal is whether it violates the *Ex Post Facto* Clause to apply 18 U.S.C. § 3583(h) to the defendants, because the application of that statute subjects them to sentences of both incarceration and additional terms of supervised release after revocation of their original terms of supervised release.[2] Under the law in effect at the time of the commission of their offense, an additional term of supervised release could not be imposed following imprisonment.

The government does not speak with a single voice on this issue. In Ault's appeal, the government concedes that application of section 3583(h) violates the *Ex Post Facto* Clause, and agrees that the proper remedy is to remand to the district court with instructions to vacate the supervised release portion of the new sentence. In Collins' appeal, the government takes a different position and contends that a sentence of both incarceration and a term of supervised release may be imposed pursuant to section 3583(h) without any *ex post facto* violation. It concedes, however, that the combined sentence of incarceration and supervised release may not exceed two years, because that is the maximum period of incarceration to which Collins originally knew he would be subject as a Class C felon if he violated the conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(3). The government therefore agrees that Collins'

---

1. The cases of Collins and Ault are consolidated for purposes of this opinion only.

2. We review de novo the district courts' rulings that the *Ex Post Facto* Clause was not violated. *United States v. Canon*, 66 F.3d 1073, 1077 (9th Cir.1995).

term of supervised release should be reduced from 26 months to 14 months. In our view, however, the government's position in Ault's case is the correct one: application of section 3583(h) to these cases violates the Ex Post Facto Clause. The entire supervised release portions of both defendants' sentences accordingly must be vacated.

### The Prior Law

At the time that Collins and Ault committed their underlying crimes, section 3583(e) set forth various alternatives available to the court with regard to their original condition of supervised release:

> The court may . . .
>
> \* \* \* \*
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release. . . .
>
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . without credit for time previously served on post-release supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than . . . 2 years in prison if [the offense that resulted in the term of supervised release] is a Class C or D felony . . . *or*
>
> (4) order the defendant to remain at his place of residence during nonworking hours. . . .

18 U.S.C. § 3583(e) (emphasis added). Because these statutory options were stated in the alternative, we held in *United States v. Behnezhad,* 907 F.2d 896, 898–99 (9th Cir. 1990), that the district court had to choose one option or the other; the statute did not permit the court to select part of one option (incarceration) and part of another (extension of a period of supervised release). *Id.* Nearly all of the other circuits subsequently ar-

rived at the same conclusion. *See, e.g., United States v. Koehler,* 973 F.2d 132, 133 (2d Cir.1992); *United States v. McGee,* 981 F.2d 271, 273 (7th Cir.1992).[3] Thus, at the time they were first sentenced to supervised release, Collins and Ault could not be subjected to both incarceration and a new term of supervised release if they violated the conditions of their release.

### Enactment of § 3583(h)

On September 13, 1994, Congress added section 3583(h) to the statute. Section 3583(h) directly overrode the line of decisions that began with *Behnezhad.* Section 3583(h) provides:

> (h) Supervised Release Following Revocation. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

As applied to Collins and Ault, section 3583(h) permits the district court to revoke the original supervised release and to impose up to two years incarceration (the maximum permitted by section 3583(e)(3) for their class of felonies), plus up to three years of additional supervised release minus the term of incarceration. The district courts followed this formula by sentencing Collins to 10 months incarceration plus 26 months of supervised release, and Ault to 14 months incarceration followed by 22 months of supervised release. If in the future either violates

---

**3.** Two circuits took a contrary view and permitted sentences of both incarceration and further supervised release after revocation of original

supervised release. *See United States v. O'Neil,* 11 F.3d 292, 293 (1st Cir.1993); *United States v. Stewart,* 7 F.3d 1350, 1352 (8th Cir.1993).

the conditions of the renewed supervised release, then the district courts can then impose further incarceration, which (if the maximum imprisonment has not been reached) could be followed by yet another supervised release term with the threat of prison if revoked. *See* 18 U.S.C. § 3583(h).

### Ex Post Facto *Analysis*

 An *ex post facto* violation consists of two elements: (1) the law must "apply to events occurring before its enactment"; and (2) the law must "disadvantage the offender affected by it." *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987) (quoting *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)). Thus a statute that " 'makes more burdensome the punishment of a crime, after its commission' " violates the Ex Post Facto Clause. *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (quoting *Beazell v. Ohio,* 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925)). Section 3583(h) has that prohibited effect, as it was applied to Collins and Ault.

First, the district courts here applied section 3583(h) to punish deeds of Collins and Ault that occurred before the section's enactment. *See Miller,* 482 U.S. at 430, 107 S.Ct. at 2451. Collins robbed the bank in 1991 and Ault possessed the firearm in January 1994, both well before section 3583(h) became effective in September 1994.

It is true, as the government points out, that Collins and Ault violated the conditions of their original supervised releases *after* section 3583(h) became effective. But the violation of a condition of supervised release is often not a crime at all, and the punishment that follows such a violation is imposed on the authority of conviction for the underlying offense. Violation of a condition of supervised release is accordingly not a new substantive offense for purposes of the Ex Post Facto Clause. *See United States v. Paskow,* 11 F.3d 873, 882–83 (9th Cir.1993). "If a violation is not to be treated as a new substantive offense, it cannot constitute a separate offense for ex post facto purposes." *Id.* at 882.

Second, section 3583(h) subjected Collins and Ault to greater punishment than did the prior law in our circuit. Under our law at the time Collins and Ault committed their underlying offenses, the district courts, upon violation of conditions of supervised release, could impose up to two years incarceration. 18 U.S.C. § 3583(e)(3). As an alternative, the district courts could extend Collins' and Ault's periods of supervised release to the maximum authorized for their underlying offense, but this alternative offered nothing because both defendants were already serving the maximum authorized supervised release term of three years. *See* 18 U.S.C. § 3583(e)(2). Under no circumstances could the courts impose both incarceration and a new period of supervised release. *Behnezhad,* 907 F.2d at 898.

Under the later-enacted section 3583(h), however, the district courts could, and did, impose three years of restriction through a combination of up to two years of prison, followed by supervised release for the balance of the three years. *See* 18 U.S.C. § 3583(h). Three years of restriction may reasonably be viewed on its face as a more onerous penalty than two years of restriction. More important, section 3583(h) exposes Collins and Ault to the possibility of further incarceration (up to their two year maximum) followed by more supervised release if they violate the conditions of their second supervised releases. This is a penalty that, under *Behnezhad,* Collins and Ault could not face in our circuit at the time they committed their offenses. *See* 18 U.S.C. § 3583(e); *Behnezhad,* 907 F.2d at 898.

Nor does the limited concession of the government in Collins' case avoid the *ex post facto* problem. The government contends that, if Collins' new term of supervised relief were reduced to 14 months, then his total restriction would be 24 months (10 months incarceration and 14 months supervised release). His sentence then would be no worse than the maximum of 24 months incarceration that he could have expected under the law at the time of his conviction in the event that he violated the conditions of his original supervised release. The government's argument is identical to one rejected by the Sev-

enth Circuit in *United States v. Beals*, 87 F.3d 854 (7th Cir.1996), a decision with which we agree. As the Seventh Circuit pointed out, the disadvantage arising from such an application of section 3583(h) stems from the possibility of repeated violations of the conditions of successive supervised releases. Total imprisonment for such repeated violations by Collins and Ault would be limited to two years by section 3583(e)(3), but repeated terms of supervised release (with loss of credit for time previously spent on supervised release) could be imposed. *Id.* at 857. As the Seventh Circuit explained:

> Prior to subsection (h), because an additional term of supervised release was not permitted, the maximum penalty the court could impose was two years imprisonment.... At the end of two years the government's supervision of [defendant] A is extinguished. After Subsection (h), the district court, perhaps believing itself more lenient, may order A to serve two years on a combination of imprisonment and supervised release, say one year in prison and one year on supervised release. If A then violates the terms of that second supervised release six months into it, the court has the power to send him back to prison again, this time for up to one year (the two-year maximum minus the one-year term of imprisonment he has already served). Under this scenario, A's punishment totals two and a half years from the time of his initial revocation (one year in prison, six months on supervised release, and then another year in prison)-six months longer than that allowed prior to Subsection (h). And the potential exists for even greater discrepancies.

*Id.* at 858. The Seventh Circuit accordingly held that the *Ex Post Facto* Clause had been

violated, and vacated the supervised release portion of Beals' sentence. *Id.* at 860.[4]

By the same reasoning as that of the Seventh Circuit, we conclude that section 3583(h) changes the law to the detriment of Collins and Ault. We reject the argument that section 3583(h) does not really change the law because the new section merely was a "clarification" of Congress' true intentions with section 3583(e)(3). To accept that argument, we have to conclude that the law of eight circuits prior to the passage of section 3583(h) was not the law at all. This contention of the government, too, was squarely rejected by the Seventh Circuit in *Beals*, 87 F.3d at 856. The Supreme Court has indicated that "[a] legislative response does not necessarily indicate that Congress viewed the judicial decision as 'wrongly decided'...." *See Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 305, 114 S.Ct. 1510, 1515, 128 L.Ed.2d 274 (1994). We conclude that *Behnezhad* was the law of this Circuit at the time Collins and Ault committed their offenses, and section 3583(h) changed its rule to their detriment. Application of section 3583 to their cases accordingly violates the Ex Post Facto Clause.

The government relies on *United States v. St. John*, 92 F.3d 761, 767 (8th Cir.1996), but that case does not fit our situation. In *St. John*, the court held that the district court's application of section 3583(h) to amend St. John's sentence did *not* violate the Ex Post Facto Clause. *Id.* at 767. But the Eighth Circuit was one of only two circuits that permitted, *prior* to the enactment of section 3583(h), a sentence of both incarceration and supervised release upon revocation of an original term of supervised release. *See United States v. Stewart*, 7 F.3d 1350, 1352

---

4. *United States v. Brady*, 88 F.3d 225, 228–29 (3d Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997), appears to conflict with the Seventh Circuit's decision in *Beals*. In *Brady*, the Third Circuit upheld an application of section 3583(h) against an *ex post facto* challenge. There, the defendant's underlying offense was a Class A felony, so his maximum term of imprisonment upon violation of the conditions of his release-five years-was the same as his maximum term of supervised release. *See* 18 U.S.C. §§ 3583(b),(e)(3),(h). The Third Circuit held that he was no worse off for being subjected to a mixed incarceration-plus-supervised-release combination of five years under section 3583(h). *Brady*, 88 F.3d at 228. *Brady* did not address, however, the prejudice arising from repeated impositions of periods of supervised release that was addressed by the Seventh Circuit in *Beals*. *See Beals*, 87 F.3d at 857–58. For that reason, we elect, with all due respect, to follow the Seventh Circuit rather than the Third Circuit on this issue.

(8th Cir.1993). Section 3583(h) consequently did not change the law applicable to St. John's case to his detriment after he committed his crime. *Id.* at 766. In our circuit, however, section 3583(h) *did* change the law to the detriment of Collins and Ault.

## CONCLUSION

The district courts' application of section 3583(h) to amend the sentences of Collins and Ault violated the Ex Post Facto Clause because the section, which was enacted after the defendants committed their underlying crimes, subjected them to greater punishment than did the prior law in our circuit.

The United States has agreed in Ault's case that the appropriate remedy is simply to relieve Ault of the supervised release portion of his sentence. In Collins' case, the district court made clear on the record that it intended to impose no more than ten months of incarceration, which Collins is serving. We therefore affirm the portion of Collins' and Ault's amended sentences that provide for incarceration, reverse the portions that impose an additional term of supervised release, and remand both cases with instructions to the district courts to vacate the supervised release portions of the amended sentences of both defendants.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**