# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1057

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Russell Neal Clark, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  November 27, 1998
Filed:   December 3, 1998

_____

Before RICHARD S. ARNOLD, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Russell Neal Clark was previously sentenced to a total of sixty months imprisonment and three years supervised release for drug and firearm offenses.  While he was serving his supervised release, he admitted violating various supervised-release conditions.  The district court[1] then revoked Clark's supervised release and sentenced him to nine months imprisonment and two additional years supervised release.  Clark

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

appeals, arguing that the district court was not authorized to impose the additional supervised release.  We affirm.

When a district court revokes supervised release and sentences the defendant to imprisonment that is "less than the maximum term of imprisonment authorized under [18 U.S.C. § 3583] (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."  18 U.S.C. § 3583(h).  In this case, Clark was subject to a prison term of up to five years upon revocation of his supervised release.  See 18 U.S.C. § 3583(e)(3) (authorizing up to five years imprisonment upon revocation of supervised release if offense that resulted in term of supervised release is Class A felony).[2]  Because the nine-month prison sentence Clark received was less than the maximum authorized, the district court was entitled to impose additional supervised release so long as the imprisonment plus additional supervised release did not exceed Clark's original term of supervised release.  See 18 U.S.C. § 3583(h); United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996) (original term of supervised release caps maximum period of time defendant's freedom can be restrained upon revocation of supervised release).  The total revocation sentence did not exceed Clark's original three-year term of supervised release, and his argument on appeal thus fails.

Accordingly, we affirm.

A true copy.

---

[2]Based upon the parties' written stipulation, the district court attributed 65.07 grams of cocaine base to Clark at his original sentencing in 1993.  See 21 U.S.C. § 841(b)(1)(A) (providing for maximum term of life imprisonment for offenses involving 50 grams or more of mixture or substance containing cocaine base); 18 U.S.C. § 3559(a)(1) (unless otherwise specified in section defining it, offense is Class A felony if maximum penalty is life imprisonment).

Attest:

     CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.