# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2557

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Darron Dean, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 27, 1999

Filed:  January 6, 2000

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Darron Dean appeals from the district court's[1] order revoking his supervised release and imposing a sentence of imprisonment and further supervised release.  We affirm.

Mr. Dean argues that by imposing a revocation sentence consisting of both imprisonment and supervised release, the court retroactively applied 18 U.S.C.

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

§ 3583(h), in violation of the Ex Post Facto Clause, and thus committed plain error. Assuming, without deciding, that Mr. Dean may challenge his revocation sentence-- given that he stipulated to it--we find no plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (standard of review). First, his ex post facto challenge is foreclosed by our precedent, which only the court en banc may overturn. See United States v. St. John, 92 F.3d 761, 767 (8th Cir. 1996) (because availability of supervised release under § 3583(h) does not increase penalty authorized under 18 U.S.C. § 3583(e)(3), no ex post facto violation exists); United States v. Hartman, 57 F.3d 670, 671 (8th Cir. 1995) (per curiam) (one panel may not overrule another panel's decision). Second, Mr. Dean's revocation sentence is consistent with our decisions and applicable statutes. See 18 U.S.C. §§ 3583(e)(3) (describing statutory limits on imprisonment following revocation), (h) (specifying when revocation sentence may include both imprisonment and supervised release); United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999) (per curium); St. John, 92 F.3d at 766-67.

Mr. Dean also contends, for the first time, that he was coerced into not denying the alleged supervised-release violations at his final revocation hearing, and stipulating to his revocation sentence. His claim of coercion is not properly before us, cf. United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim that guilty plea was involuntary must be presented to district court and is not cognizable on direct appeal), and in any event, we are not persuaded by it, cf. Weisberg v. Minnesota, 29 F.3d 1271, 1278 (8th Cir. 1994) (to prove plea was not knowing and voluntary, defendant must show he did not make voluntary and intelligent choice among alternative courses of action), cert. denied, 513 U.S. 1126 (1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.