**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4511

TYRONE PATE, a/k/a Ty,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Jerome B. Friedman, District Judge.
(CR-92-78-A)

Submitted: December 29, 1999

Decided: January 13, 2000

Before MICHAEL and KING, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey D. Zimmerman, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Alan M. Salsbury, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone Pate appeals the district court's order revoking his term of supervised release and imposing a six month prison sentence followed by four years and six months of additional supervised release. Finding that the district court's application of 18 U.S.C.A.§ 3583(h) (West Supp. 1999) did not violate the Ex Post Facto Clause, we affirm the decision of the district court.

The Ex Post Facto Clause prohibits laws that are retrospective and that disadvantage the offender "by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citation omitted). Pate contends that the district court did not have the authority to impose a new term of supervised release after the revocation of his original term because § 3583(h) was passed on September 13, 1994, after the date of his original crime.

Because Pate was convicted of a Class A felony under the law prior to § 3583(h), Pate could have been sentenced to up to five years of imprisonment for violating his supervised release term. See 18 U.S.C. § 3583(e)(3) (1994). After the enactment of § 3583, Pate's sentence for violating his supervised release could have been composed of imprisonment or supervised release, but the two combined could not have exceeded five years. See § 3583(h). We thus find that the application of § 3583(h) to Pate did not increase the punishment he could have received for his offenses and therefore did not disadvantage him. See United States v. Lominac, 144 F.3d 308, 315 n.9 (4th Cir. 1998) (noting, in dicta that no ex post facto violation occurs in context of Class A felonies where punishment was imposed after a single revocation of supervised release).

Pate argues that the Ex Post Facto Clause is violated nonetheless because he is now exposed, in theory, to multiple revocations of supervised release that could result in additional terms of imprisonment and supervised release. Because this case follows a single revocation of Pate's original term of supervised release and the possibility of future revocation is merely speculative, we find no violation of the

Ex Post Facto Clause. See United States v. Withers, 128 F.3d 1167, 1170-72 (7th Cir. 1997), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3231 (U.S. Oct. 5, 1998) (No. 97-8626) (noting that possible increase in punishment resulting from future revocations is simply too theoret-

ical and speculative for an initial retroactive application of § 3583(h) to constitute an ex post facto violation).**1** But see United States v. Collins, 118 F.3d 1394, 1397-98 (9th Cir. 1997) (finding a violation

of the Ex Post Facto Clause based on the "possibility of repeated violations of the conditions of successive supervised releases").

Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**1** In Lominac, this Court disagreed with Withers regarding the constitutionality of the retroactive application of § 3583(h) to individuals convicted of Class B and C felonies. With respect to such individuals, Lominac concluded that retroactive application of § 3583(h) increased the total amount of time that their liberty could be restrained, in violation of the Ex Post Facto Clause. Withers held to the contrary. While Lominac and Withers disagree as to the constitutionality of the retroactive application of § 3583(h) to individuals convicted of Class B and C felonies, both the reasoning that underpins Withers as well as express dicta in Lominac support a conclusion that retroactive application of§ 3583(h) is permissible with respect to individuals convicted of Class A felonies, who, like Pate, suffer a single revocation of supervised release.