# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2926

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Lorna Spotted Tail, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 7, 2000
Filed: December 20, 2000

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

While serving the supervised release portion of a sentence she had received for aiding and abetting assault with a deadly weapon, in violation of 18 U.S.C. §§ 2, 113(c), and 1153, Lorna Spotted Tail admitted to violating her release conditions. Following a revocation hearing, the district court[1] revoked supervised release and imposed a 9-month term of imprisonment and 15 months supervised release. Spotted Tail appeals, claiming her revocation sentence is excessive.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

When a district court finds by a preponderance of the evidence that a defendant has violated a release condition, the district court may revoke supervised release. <u>See</u> 18 U.S.C. § 3583(e)(3). We review for abuse of discretion. <u>See</u> <u>United States v. Grimes</u>, 54 F.3d 489, 492 (8th Cir. 1995). Having reviewed the record and Spotted Tail's brief, we conclude the district court's revocation sentence neither exceeds the limits of section 3583, nor constitutes an abuse of discretion. <u>See</u> 18 U.S.C. §§ 3583(e)(3), (h); <u>United States v. St. John</u>, 92 F.3d 761, 766 (8th Cir. 1996) (maximum period of time defendant's freedom can be restrained upon revocation of supervised release is capped by original supervised release term).

Accordingly we affirm. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.