# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2385

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Anthony McDile, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 31, 2002
Filed: November 1, 2002

_____

Before BOWMAN, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Anthony McDile appeals the sentence imposed by the district court[1] upon revocation of his supervised release. In 1991 McDile was sentenced to 151 months imprisonment and 3 years supervised release for a drug offense. He began his supervised release in December 2001. In May 2002 McDile waived his right to an evidentiary hearing and admitted, or did not contest, that he had violated specified conditions of his supervised release. The district court revoked McDile's supervised

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

release and sentenced him to 10 months imprisonment and 24 months supervised release.

On appeal, McDile argues that the district court abused its discretion by imposing both a prison sentence and additional supervised release, because 18 U.S.C. § 3583(e)(3), which governs revocation of supervised release, does not expressly authorize imposition of supervised release following reimprisonment. This argument is foreclosed by Johnson v. United States, 529 U.S. 694, 702, 713 (2000) (although 18 U.S.C. § 3583(h) does not apply retroactively to offenses committed before September 13, 1994, § 3583(e)(3) already allows district courts to impose additional term of supervised release following reimprisonment). We note that the total of McDile's new terms of imprisonment and supervised release, 34 months, does not exceed his original supervised-release term. See United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996) (maximum period of time defendant's freedom can be restrained upon revocation of supervised release is capped by original supervised-release term).

Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.