# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1333
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Thomas Arthur Palmer, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   September 10, 2003

Filed:   October 14, 2003
_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.
_____

PER CURIAM.

Thomas A. Palmer appeals the sentence imposed on him by the district court following revocation of his supervised release. We vacate the sentence and remand for resentencing.

Palmer was initially sentenced to 27 months of imprisonment and 36 months of supervised release following his guilty plea to three counts of threatening to use a weapon of mass destruction to blow up federal buildings in violation of 18 U.S.C. § 2332a(a)(3), and one count of mailing a threat to blow up a federal post office in violation of 18 U.S.C. § 844(e). The section 2332a(a)(3) offenses were Class A

felonies.  See 18 U.S.C. §§ 2332a(a) (violations of § 2332a(a)(3) are punishable by up to life imprisonment); 3559(a)(1) (where life imprisonment is authorized, offense is considered Class A felony).

Following Palmer's release from incarceration, the district court found that he had violated the terms of his supervised release.  The court thus revoked Palmer's supervised release and sentenced him to 12 months of imprisonment and 36 months of supervised release.  Palmer argues that he cannot be sentenced to more than 24 months of additional supervised release because his total revocation sentence--12 months of imprisonment plus 36 months of additional supervised release, for a total of 48 months--is capped by the length of his original 36-month supervised-release term.

The applicable statute is 18 U.S.C. § 3583(h), which provides:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

See 18 U.S.C. § 3583(h).

In United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996), a panel of this court construed "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release" to mean "the term of supervised release in the original sentence rather than the maximum authorized term of supervised release."

Contrary to the government's contention, we conclude that the Supreme Court's decision in <u>Johnson v. United States</u>, 529 U.S. 694 (2000), abrogated only that portion of <u>St. John</u> which held that 18 U.S.C. § 3583(h) applies retroactively. Accordingly, <u>St. John</u> clearly governs this case, and we are not free to deviate from that decision. <u>See</u> <u>Campbell v. Purkett</u>, 957 F.2d 535, 536 (8th Cir. 1992) (per curiam) (en banc consideration is required to overrule prior panel's decision).

The sentence is vacated, and the case is remanded to the district court with instructions to reduce Palmer's revocation sentence to a total of 36 months of imprisonment and supervised release, combined.

RILEY, Circuit Judge, concurring.

I concur with the opinion of this court that <u>United States v. St. John</u>, 92 F.3d 761 (8th Cir. 1996), governs the case before us. The <u>St. John</u> panel concluded the sentence imposed upon revocation of a term of supervised release is capped at the length of the original supervised-release term, <u>id.</u> at 766, rather than at the length of the term "authorized by statute for the offense that resulted in the original term of supervised release." 18 U.S.C. § 3583(h). I write separately to state my view that this court should rehear this case en banc to reconsider the <u>St. John</u> ruling, which appears contrary to the plain language of 18 U.S.C. § 3583(h). <u>See</u>, <u>e.g.</u>, <u>United States v. Pla</u>, ___ F.3d ___, No. 02-16815, 2003 WL 22159466, at *2 (11th Cir. Sept. 19, 2003).

_____