**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard D. WILSON, Defendant–Appellant.**

**No. 94–1641.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 9, 1994.

Decided Oct. 17, 1994.

Virginia Guadalupe Villa, Minneapolis, MN, argued (Andrea K. George and Virginia G. Villa, on the brief), for appellant.

Denise Ducharme Reilly, Minneapolis, MN, argued (David L. Lillehaug and Denise D. Reilly, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

On May 1, 1990, Richard Wilson was sentenced to thirty months in prison and four years of supervised release after pleading guilty to a charge that he conspired to possess and distribute marijuana in violation of 28 U.S.C. §§ 841(a)(1) and 846. On February 10, 1992, Wilson completed his prison term and began serving his term of supervised release. At a March 1994 revocation hearing, Wilson admitted that he had used marijuana, thereby violating a condition of his supervised release.

Invoking 18 U.S.C. § 3583(e)(3), the district court [1] revoked Wilson's supervised release and sentenced him to sixteen months in prison plus an additional term of supervised release, defined in the court's judgment as a period equal to "the remainder of term upon completion of 16 month incarceration period." Based upon the district court's remarks at the revocation hearing, the government conceded at oral argument—in our view, appropriately—that the court intended to sentence Wilson to an additional term of supervised release that will end at the expiration of his original four-year term of supervised release.

Wilson appeals this revocation sentence. He first argues that we should reconsider our decision in *United States v. Schrader*, 973 F.2d 623, 625 (8th Cir.1992), that a district court in sentencing under § 3583(e)(3) may "require the offender to

---

1. The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota.

serve a portion of the time remaining on the term of supervised release in prison and the remaining time on supervised release." However, as a panel we may not overrule a prior panel decision of this court, and the court has on numerous occasions declined to reconsider *Schrader* en banc. *See United States v. Love,* 19 F.3d 415 (8th Cir.1994).

Noting that § 3583(e)(3) expressly provides that he may not be required to serve more than three years in prison, Wilson alternatively argues that the prison and supervised release components of his revocation sentence may not total more than three years. This is a legal issue we have not previously decided. *Cf. United States v. Bewley,* 27 F.3d 343 (8th Cir.1994). But it is an issue we need not consider on the facts of this case because Wilson's revocation sentence does not total more than three years. His original four-year supervised release term will expire on or about February 10, 1996. His sixteen-month revocation prison term began on April 4, 1994, and will end sixteen months later, on or about August 4, 1995. That will leave him with an additional supervised release term of some six or seven months. Thus, Wilson's total revocation sentence is less than two years, a sentence that is valid even under his proposed integration of § 3583(e)(3) and *Schrader.*

The judgment of the district court is affirmed.