**UNITED STATES of America, Appellee,**

v.

**Timothy Dean HAS NO HORSE, Appellant.**

No. 94–2365SD.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1994.

Decided Dec. 14, 1994.

---

John K. Nooney, Rapid City, SD, for appellant.

Diana Ryan, Rapid City, SD, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

Timothy Dean Has No Horse appeals the enhancement of his sentence under Section 3C1.1 of the Sentencing Guidelines for obstruction of justice. We affirm.

Has No Horse was originally convicted of aggravated sexual abuse and sexual abuse of a minor in violation of 18 U.S.C. §§ 2241(a) and 2243(a). The victim testified at trial that she had voluntary sex with the defendant on two occasions, but Has No Horse denied that he even knew the victim prior to the court case. Other witnesses, however, testified that they had seen the defendant with the victim, that she sat on his lap, and that he kissed her in front of them. After the jury returned a guilty verdict, the District Court [1] sentenced Has No Horse to 14 years in prison.

The original sentence included a two-level enhancement for obstruction of justice based upon the District Court's conclusion that Has No Horse committed perjury at trial. The District Court, referring to the trial testimony and to its determination of the defendant's credibility, expressly found that Has No Horse lied under oath. The Court did not rely merely upon the guilty verdict returned by the jury.

Has No Horse appealed his conviction, but he did not appeal the sentence enhancement. His conviction was reversed for error in the admission of evidence of the defendant's previous sexual misconduct, and the case was remanded for a new trial. *United States v. Has No Horse*, 11 F.3d 104 (8th Cir.1993). On remand, Has No Horse pleaded guilty to the lesser charge of sexual abuse of a minor, and the District Court sentenced him to three years and one month. The new sentence included an enhancement under U.S.S.G. § 3C1.1 for obstruction of justice during the first trial, and expressly adopted the District Court's earlier findings of perjury. Has No Horse objected to the obstruction-of-justice enhancement, and argues on appeal that conduct from the first trial is immaterial to sentencing for the guilty plea on remand.

██ We review the legal question of the applicability of Section 3C1.1 *de novo*. *United States v. Ball*, 999 F.2d 339, 340 (8th Cir. 1993). Section 3C1.1 instructs the sentencing judge to increase the offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." Lying under oath certainly impedes the administration of justice during the prosecution of a case. See Application Note 3 to U.S.S.G. § 3C1.1 (listing perjury as an example of obstructive conduct). The issue here, therefore, is whether the reversal of a conviction erases any previous obstruction to give a defendant a clean slate on remand.

██ A defendant's attempt to obstruct justice does not disappear merely because his conviction has been reversed on grounds having nothing to do with the obstruction. The trial was part of the prosecution of the offense to which defendant pleaded guilty on remand. Section 1B1.4 of the Sentencing Guidelines allows courts to "consider, without

---

1. The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

limitation, any information concerning the ... conduct of the defendant, unless otherwise prohibited by law," in determining whether to depart from the guideline range. Defendant does not deny that he lied under oath, nor does he point us to any reason, other than the reversal of his conviction, that would serve to limit the District Court's ability to consider his perjury in enhancing his sentence on remand. We hold that the reversal of a conviction on other grounds does not limit the ability of a sentencing judge to consider a defendant's conduct prior to the reversal in determining a sentence on remand.

The District Court properly applied Section 3C1.1 to enhance defendant's sentence. Accordingly, the judgment is affirmed.

It is so ordered.