53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Merle A. MAYER, Appellant.
 No. 94-3361
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 5, 1995
Filed: May 9, 1995
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In September 1994, the district court[1] found that Merle A. Mayer, Jr., who was serving a three-year term of supervised release, had violated some of his release conditions. The court revoked supervised release and sentenced him to 12 months in prison and two years of supervised release. Mayer appeals the supervised- release portion of his revocation sentence. We affirm.
 
 
 2
 Mayer recognizes that, in this circuit, a revocation sentence under 18 U.S.C. Sec. 3583(e) may include both imprisonment and supervised release. See United States v. Schrader, 973 F.2d 623, 625 (8th Cir. 1992); United States v. Stewart, 7 F.3d 1350, 1352-53 (8th Cir. 1993). Mayer nonetheless urges us to reconsider these decisions. As a panel, we may not do so, and this court has consistently declined to reconsider Schrader en banc. See United States v. Wilson, 37 F.3d 1342, 1343 (8th Cir. 1994) (per curiam).
 
 
 3
 Mayer also argues that new legislation expressly allowing district courts to impose a revocation sentence consisting of both imprisonment and supervised release indicates that we previously misinterpreted Sec. 3583(e). See 18 U.S.C. Sec. 3583(h). Our reading of the legislative history of Sec. 3583(h), however, persuades us that the new legislation was intended to confirm our interpretation of prior law.[2]
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 The same argument was also rejected by another panel of this court in an unpublished matter, United States v. McCauley, No. 94- 3133, slip op. at 2 (per curiam), petition for cert. filed, No. 94-8713 (U.S. Mar. 28, 1995)