UNITED STATES of America, Appellee,

v.

Gary Lee HARTMAN, Appellant.

No. 95–1052.

United States Court of Appeals, Eighth Circuit.

Submitted May 24, 1995.

Decided June 13, 1995.

Robert R. Nigh, Jr., Asst. Federal Defender, for appellant.

Steven A. Russell, Asst. U.S. Atty., for appellee.

Before FAGG, MAGILL, and BEAM, Circuit Judges.

PER CURIAM.

In November 1994, the district court[1] determined Gary Lee Hartman had violated conditions of the three-year term of supervised release he was serving. The court revoked his release and sentenced him to nine months imprisonment and twenty-seven months supervised release. Hartman appeals, arguing the district court erred in imposing an additional term of supervised release after revocation and imposition of a term of imprisonment. We affirm.

Hartman acknowledges that this court has repeatedly held that a revocation sentence imposed under 18 U.S.C. § 3583(e) may include imprisonment and supervised release. *See, e.g., United States v. Love,* 19 F.3d 415, 416–17 (8th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 434, 130 L.Ed.2d 346 (1994); *United States v. Schrader,* 973 F.2d 623, 625 (8th Cir.1992). We may not overrule another panel's decision, and the Court has consistently declined to reconsider *Schrader* en banc. *See United States v. Wilson,* 37 F.3d 1342, 1343 (8th Cir.1994) (per curiam); *Love,* 19 F.3d at 416.

Hartman also argues that 18 U.S.C. § 3583(h), which was enacted in 1994 and which expressly allows district courts to impose a revocation sentence consisting of both imprisonment and supervised release, indicates that we previously misinterpreted § 3583(e). We disagree. Our reading of the legislative history of § 3583(h) persuades us that the new legislation was intended to confirm our interpretation of prior law.[2]

Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

2. The same argument was rejected by other panels of this Court in unpublished decisions. *United States v. Mayer,* 53 F.3d 335 (8th Cir.1995) (per curiam); *United States v. McCauley,* No. 94–3133, slip op. at 2 (8th Cir. Dec. 28, 1994) (per curiam), *cert. denied,* — U.S. —, 115 S.Ct. 1834, 131 L.Ed.2d 753 (1995).