_____

No. 95-1359
_____

United States of America,      *
                               *
          Appellee,            *
                               *
     v.                        *   Appeal from the United States
                               *   District Court for the
Roman Cervantes-Arroyo, also   *   Southern District of Iowa.
known as Roman Arroyo-Cervantes, *       [UNPUBLISHED]
                               *
          Appellant.           *


_____

          Submitted:  January 5, 1996

             Filed:  January 10, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Roman Cervantes-Arroyo challenges his conviction and sentence
following his guilty plea to conspiracy to distribute
methamphetamine, in violation of 21 U.S.C. § 846.  For reversal,
Cervantes-Arroyo argues that the district court[1] erred by assessing
an obstruction-of-justice enhancement, and that a prior uncontested
civil administrative forfeiture barred his prosecution and
conviction on double jeopardy grounds.  We affirm.

     Upon executing a search warrant, law enforcement officers
discovered an operational clandestine methamphetamine laboratory,
and seized, among other things, $3,029 and a 1987 Nissan pickup

_____

     [1]The Honorable Harold D. Vietor, United States District Judge
for the Southern District of Iowa.

truck. Cervantes-Arroyo and a co-defendant found at the residence were arrested. Pursuant to 21 U.S.C. § 881(a)(4) and (6), the money and truck were administratively forfeited; Cervantes-Arroyo did not contest the forfeiture proceedings.

The government also filed a twelve-count indictment charging Cervantes-Arroyo and six co-defendants with numerous drug offenses. At trial, Cervantes-Arroyo testified, and denied knowing about the drug laboratory and the drugs themselves. The jury's verdict of guilty, however, was reversed due to juror misconduct. Prior to a new trial, Cervantes-Arroyo pleaded guilty to the conspiracy charge; at the plea hearing, he admitted knowing about the methamphetamine laboratory and the drugs. At sentencing, the district court overruled Cervantes-Arroyo's objection to an obstruction-of-justice enhancement, finding that Cervantes-Arroyo had willfully lied under oath at trial. The district court sentenced Cervantes-Arroyo to 151 months imprisonment and five years supervised release.

This court reviews "the legal question of the applicability of Section 3C1.1 de novo." United States v. Has No Horse, 42 F.3d 1158, 1159 (8th Cir. 1994). Section 3C1.1 requires a sentencing court to increase the offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Application Note 3 to section 3C1.1 lists perjury as an example of obstructive conduct which impedes the administration of justice during the prosecution of a case. Because Cervantes-Arroyo does not deny that he lied under oath and his conviction was not reversed on this ground, we conclude the district court properly determined that Cervantes-Arroyo's prior obstructive conduct could be considered for enhancing his sentence. See Has No Horse, 42 F.3d at 1159-60 (affirming § 3C1.1 enhancement where defendant committed perjury at trial, conviction was reversed on grounds having nothing to with

-2-

perjury, and defendant pleaded guilty before new trial began).  We note that we may not overrule the prior panel's decision in <u>Has No Horse</u>.  <u>See</u> <u>United States v. Wilson</u>, 37 F.3d 1342, 1343 (8th Cir. 1994) (per curiam).

Cervantes-Arroyo also argues that the uncontested civil forfeiture of the $3,029 and Nissan truck bars his conviction on double jeopardy grounds.  This argument, however, is foreclosed by our recent opinion in <u>United States v. Clementi</u>, No. 95-2079, slip op. at 2-4 (8th Cir. Dec. 1, 1995).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.