73 F.3d 366
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Roman CERVANTES-ARROYO, also known as Roman
Arroyo-Cervantes, Appellant.
 No. 95-1359.
 United States Court of Appeals, Eighth Circuit.
 Jan. 10, 1996.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roman Cervantes-Arroyo challenges his conviction and sentence following his guilty plea to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. Sec. 846. For reversal, Cervantes-Arroyo argues that the district court[1] erred by assessing an obstruction-of-justice enhancement, and that a prior uncontested civil administrative forfeiture barred his prosecution and conviction on double jeopardy grounds. We affirm.
 
 
 2
 Upon executing a search warrant, law enforcement officers discovered an operational clandestine methamphetamine laboratory, and seized, among other things, $3,029 and a 1987 Nissan pickup truck. Cervantes-Arroyo and a co-defendant found at the residence were arrested. Pursuant to 21 U.S.C. Sec. 881(a)(4) and (6), the money and truck were administratively forfeited; Cervantes-Arroyo did not contest the forfeiture proceedings.
 
 
 3
 The government also filed a twelve-count indictment charging Cervantes-Arroyo and six co-defendants with numerous drug offenses. At trial, Cervantes-Arroyo testified, and denied knowing about the drug laboratory and the drugs themselves. The jury's verdict of guilty, however, was reversed due to juror misconduct. Prior to a new trial, Cervantes-Arroyo pleaded guilty to the conspiracy charge; at the plea hearing, he admitted knowing about the methamphetamine laboratory and the drugs. At sentencing, the district court overruled Cervantes-Arroyo's objection to an obstruction-of-justice enhancement, finding that Cervantes-Arroyo had willfully lied under oath at trial. The district court sentenced Cervantes-Arroyo to 151 months imprisonment and five years supervised release.
 
 
 4
 This court reviews "the legal question of the applicability of Section 3C1.1 de novo." United States v. Has No Horse, 42 F.3d 1158, 1159 (8th Cir.1994). Section 3C1.1 requires a sentencing court to increase the offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Application Note 3 to section 3C1.1 lists perjury as an example of obstructive conduct which impedes the administration of justice during the prosecution of a case. Because Cervantes-Arroyo does not deny that he lied under oath and his conviction was not reversed on this ground, we conclude the district court properly determined that Cervantes-Arroyo's prior obstructive conduct could be considered for enhancing his sentence. See Has No Horse, 42 F.3d at 1159-60 (affirming Sec. 3C1.1 enhancement where defendant committed perjury at trial, conviction was reversed on grounds having nothing to with perjury, and defendant pleaded guilty before new trial began). We note that we may not overrule the prior panel's decision in Has No Horse. See United States v. Wilson, 37 F.3d 1342, 1343 (8th Cir.1994) (per curiam).
 
 
 5
 Cervantes-Arroyo also argues that the uncontested civil forfeiture of the $3,029 and Nissan truck bars his conviction on double jeopardy grounds. This argument, however, is foreclosed by our recent opinion in United States v. Clementi, No. 95-2079, slip op. at 2-4 (8th Cir. Dec. 1, 1995).
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa