# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-3594

———————

United States of America,        *
                                 *
          Appellee,              *
                                 *   Appeal from the United States
     v.                          *   District Court for the
                                 *   District of Minnesota.
Roger Bruce Bugh,                *
                                 *       [UNPUBLISHED]
          Appellant.             *

———————

Submitted:  April 29, 1997

Filed: May 9, 1997

———————

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

———————

PER CURIAM.

     After Roger Bruce Bugh pleaded guilty to intending to commit larceny at a federally-insured bank, in violation of 18 U.S.C. § 2113(a), the district court[1] sentenced him to 24 months imprisonment and two years supervised release.  In October 1996, while serving his supervised release, Bugh admitted to violating his supervised-release conditions.  The court revoked Bugh's supervised release, sentencing him to serve 14 months imprisonment and thereafter to resume his supervised-release term until June 9, 1998--the expiration of his original term of supervised release (a period of approximately ten months).  Bugh appeals, and we affirm.

———————

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

Bugh challenges the supervised-release portion of his revocation sentence, arguing that other circuits have disagreed with our decision in United States v. Schrader, 973 F.2d 623, 624-25 (8th Cir. 1992) (district court can impose imprisonment and supervised release under 18 U.S.C. § 3583(e)(3) following revocation of supervised release). Bugh's challenge to the revocation sentence, however, is unavailing. See United States v. St. John, 92 F.3d 761, 764, 766-67 (8th Cir. 1996) (noting this circuit has "consistently and repeatedly" held that revocation sentences imposed under § 3583(e)(3) may include both imprisonment and supervised release, as long as aggregate of terms is less than or equal to original term of supervised release); United States v. Hartman, 57 F.3d 670, 671 (8th Cir. 1995) (per curiam) (noting this circuit has repeatedly refused to reconsider Schrader en banc).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.