# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3723

_____

Joseph Charles Pelchat,       *
      *
        Appellant,       *
      *    Appeal from the United States
        v.       *    District Court for the
      *    District of Minnesota.
United States of America,       *
      *      [UNPUBLISHED]
        Appellee.       *

_____

Submitted: March 9, 1999
Filed: March 12, 1999

_____

Before RICHARD S. ARNOLD, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

In October 1998, while Joseph Charles Pelchat was serving a four-year supervised release term, the district court[1] determined that he had violated his release conditions, revoked his release, and sentenced him to 14 months imprisonment and 22 additional months of supervised release. Pelchat appeals, arguing the district court

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

erred in imposing additional supervised release after revocation and imposition of a prison term. We affirm.

Pelchat first mounts an attack on our decision in <u>United States v. Schrader</u>, 973 F.2d 623, 625 (8th Cir. 1992) (under 18 U.S.C. § 3583(e)(3), district court may impose revocation sentence consisting of both imprisonment and supervised release). Not only have we repeatedly declined to reconsider <u>Schrader</u> en banc, <u>see, e.g.</u>, <u>United States v. Hartman</u>, 57 F.3d 670, 671 (8th Cir. 1995) (per curiam), but we specifically denied Pelchat's motion for en banc consideration of this appeal.

Pelchat next raises constitutional challenges to his revocation sentence. He argues that he could not have foreseen, at the time he was originally sentenced, that his conduct while on supervised release could subject him to both imprisonment and further supervised release, in violation of his due process rights. He also contends that applying 18 U.S.C. § 3583(h) (specifically authorizing imprisonment and supervised release upon revocation) to him violates the Ex Post Facto Clause, as subsection (h) was not in existence when he was originally sentenced. However, we have previously considered and rejected such arguments. <u>See</u> <u>United States v. St. John</u>, 92 F.3d 761, 763-67 (8th Cir. 1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.