# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3161

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Audrey J. Hopkins, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 6, 2000

Filed: January 19, 2000

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In July 1999, the district court decided that Audrey J. Hopkins had violated the conditions of his supervised release, revoked the release, and sentenced him to imprisonment and an additional term of supervised release.  On appeal, Hopkins contends the court committed error in imposing additional supervised release after revocation and imposition of a prison term.  We disagree and affirm.

Hopkins invites us to reconsider our decision in United States v. Schrader, 973 F.2d 623, 624-25 (8th Cir. 1992) (under 18 U.S.C. § 3583(e)(3), district court may

impose revocation sentence consisting of both imprisonment and supervised release). Contrary to Hopkins's view of the panel decision in <u>Schrader</u>, this panel is bound by that decision until modified or overruled by the court en banc, and we have consistently declined similar invitations to reconsider <u>Schrader</u> en banc. <u>See</u> <u>United States v. Hartman</u>, 57 F.3d 670, 671 (8th Cir. 1995) (per curiam). Indeed, the 1994 enactment of 18 U.S.C. § 3583(h), which expressly allows district courts to impose a revocation sentence consisting of both imprisonment and supervised release, confirms our original interpretation of § 3583(e). <u>See</u> <u>id.</u> Finally, Hopkins's argument that applying § 3583(h) to him violates the Ex Post Facto Clause because subsection (h) results in an increased penalty is foreclosed by our decision in <u>United States v. St. John</u>, 92 F.3d 761, 766-67 (8th Cir. 1996).

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.