UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 99-4653

ANTHONY THOMAS FOYE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-99-23)

Submitted: March 14, 2000

Decided: March 23, 2000

Before WIDENER and LUTTIG, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Monica K.
Schwartz, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Thomas Foye was convicted of two counts of distributing cocaine base (crack) in violation of 21 U.S.C.A.§ 841(a)(1) (West Supp. 1991), 18 U.S.C. § 2 (1994). Foye appeals his sentence of 235 months imprisonment on two grounds. He contends that the enhanced penalties in § 841(b) were inapplicable under Jones v. United States, 526 U.S. 227 (1999), because the amount of crack was not charged in the indictment or proved to the jury beyond a reasonable doubt. He also argues that the district court clearly erred in finding that he obstructed justice by failing to appear at a guilty plea hearing. See U.S. Sentencing Guidelines Manual § 3C1.1 (1998). We affirm.

On May 13, 1998, Foye sold crack to an informant under surveillance near Charleston, West Virginia. He agreed to plead guilty to a one-count information charging possession of crack with intent to distribute pursuant to a plea agreement. Foye failed to appear at the guilty plea hearing. After his arrest several weeks later in Ohio, Foye informed the district court that he no longer wished to plead guilty, but wanted to waive his right to indictment. The district court refused to accept either the plea agreement or the belated waiver of indictment. Foye was then indicted for distributing crack and possessing crack with intent to distribute, but the indictment was dismissed without prejudice for violation of the Speedy Trial Act.* The government later reindicted Foye on the same charges. He went to trial and was convicted.

Foye first argues that, under Jones, the district court could not constitutionally impose the enhanced penalty unless the basis for the

_____

*The court found that Foye had not made a timely in-court waiver of his right to indictment in connection with the information filed in June 1998.

2

enhancement (the amount of drugs) had first been charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. In Jones, the Supreme Court held that certain factors which increase the penalty under the federal carjacking statute, see 18 U.S.C.A. § 2119 (West Supp. 1999), are elements of the offense rather than sentencing enhancements. See Jones , 526 U.S. at 251-52. However, no circuit has extended Jones to§ 841(b). See United States v. Thomas, ___ F.3d ___, 2000 WL 228218 (2d Cir. Feb. 14, 2000) (holding that drug quantity remains a sentencing factor); see also United States v. Rios-Quintero, ___ F.3d ___, 2000 WL 146319 (5th Cir. Feb. 10, 2000); United States v. Hester, 199 F.3d 1287, 1292 (11th Cir. 2000); United States v. Jones, 194 F.3d 1178, 1185 (10th Cir. 1999), petition for cert. filed, Feb. 10, 2000 (No. 99-8176); United States v. Williams, 194 F.3d 100, 104-07 (D.C. Cir. 1999). Consequently, we decline to extend Jones to§ 841(b).

Next, Foye challenges the district court's decision to give him an obstruction of justice adjustment for his failure to appear at the hearing where he was scheduled to plead guilty under the single-count information. Because Foye did not object to this adjustment in the district court, we review the district court's decision under the plain error standard of review. See United States v. Olano , 507 U.S. 725, 731-36 (1993).

An adjustment for obstruction of justice should be given if the defendant willfully obstructed or impeded the administration of justice during the investigation, prosecution, or sentencing of the instant offense, or a closely related case, such as a co-defendant's case. See USSG § 3C1.1, comment. (n.1). Failure to appear as ordered for a judicial proceeding is conduct to which the adjustment applies. See USSG § 3C1.1, comment. (n.4(e)).

Foye contends that his failure to appear does not warrant an obstruction of justice adjustment because it occurred in connection with a prior case, rather than during the investigation, prosecution, or sentencing of the instant offense. As used in the sentencing guidelines, "offense" means the offense of conviction and all relevant conduct. USSG § 1B1.1, comment. (n.1(l)). The term "instant" is used "to distinguish the violation for which the defendant is being sentenced from a prior or subsequent offense." Id.

3

In this case, all the events that took place after Foye's initial arrest were part of an ongoing prosecution for his sale of crack to the informant in May 1998. Even if Foye's prosecution under the second indictment is viewed as a subsequent case, it is a closely related case, and thus the adjustment would apply under Application Note 1. Moreover, the Eighth Circuit has held that a defendant who committed perjury at his first trial, and had his conviction reversed, could receive an adjustment for obstruction of justice based on that perjury after he pled guilty to a lesser charge. See United States v. Has No Horse, 42 F.3d 1158, 1159-60 (8th Cir. 1994) (original trial was part of prosecution for offense to which defendant pled guilty on remand). Consequently, the district court did not plainly err in making the adjustment in Foye's case.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4