[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-11849

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 21, 2005**
**THOMAS  K. KAHN**
**CLERK**

D. C. Docket No. 03-20881-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYNEL HEBERTO WOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 21, 2005)**

Before HULL, MARCUS and HILL, Circuit Judges.

PER CURIAM:

Raynel Heberto Wood ("Wood") appeals his 97-month sentence for

importation of 500 grams or more of cocaine, in violation of 21 U.S.C. § 952(a).

On appeal, Wood contends that his sentence should be vacated and remanded for resentencing in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). We disagree, and affirm Wood's sentence.

## I. BACKGROUND

This is the second time Wood has been before this Court.

In January 2001, Wood was indicted for importing cocaine into the United States. Wood pled not guilty and proceeded with a jury trial, at which he testified. The jury found Wood guilty, and the district court sentenced Wood to 97 months' imprisonment and 4 years' supervised release. On appeal, we vacated Wood's conviction and remanded the case to the district court for dismissal of the indictment with prejudice because of violations of Wood's rights under the Speedy Trial Act, 18 U.S.C. § 3161. See United States v. Wood, No. 02-13695 (11th Cir. August 29, 2003) (unpublished).

Wood was re-indicted for the same offense conduct, and was again found guilty following a jury trial, at which he did not testify. The Presentence Investigation Report ("PSI") recommended a base offense level of 28. See U.S.S.G. § 2D1.1(a)(3) (providing for a base offense level of 28 for an offense involving at least 2 kilograms but less than 3.5 kilograms of cocaine). With a

2

criminal history category of I, Wood's Guidelines range was 78-97 months' imprisonment.

The government objected to the PSI, arguing that Wood had obstructed justice in giving what it characterized as false and misleading testimony at the first trial and the suppression hearing that preceded the first trial. Wood responded that the conviction that was obtained after the first trial was overturned on appeal, and could not be used to enhance a sentence imposed after a separate trial where he did not testify. Wood also argued that the fact that the jury chose not to credit his testimony during the first trial did not render that testimony perjurious.

During the sentencing hearing, the district court sustained the government's objection to the PSI, finding that Wood had given false testimony at his first trial and suppression hearing. The district court relied on United States v. Has No Horse, 42 F.3d 1158, 1159-1600 (8th Cir. 1994) (holding that "[a] defendant's attempt to obstruct justice does not disappear merely because his conviction has been reversed on grounds having nothing to do with the obstruction").

The district court stated that the obstruction-of-justice enhancement "unfortunately puts [Wood] at a[n] offense level of 30 with a range of 97 to 121 months." The district then sentenced Wood to 97 months' imprisonment, the low end of the Guidelines range. In doing so, the district court stated, "I am going to

impose a sentence at the low end of the guidelines range under the circumstances. I think that it is the appropriate sentence in terms of punishing him for his past criminal activity and also to act as a deterrent for any future criminal activity."

Wood timely appealed, challenging only his sentence, in light of the Supreme Court's decision in Booker.[1]

## II. DISCUSSION

Because Wood did not raise any constitutional issues in the district court based on Apprendi, Blakely, or Booker, and instead raised these issues for the first time in his prior direct appeal, our review of his sentence is only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005).[2]

"Under Booker, there are two kinds of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated

---

[1] On appeal, Wood does not challenge the district court's reliance on Has No Horse. Wood also does not challenge the district court's reliance on the testimony from his first trial to enhance his sentence.

[2] To establish plain error, the defendant must show "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" Rodriguez, 398 F.3d at 1298 (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785).

where <u>under a mandatory guidelines system</u> a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." <u>Rodriguez</u>, 398 F.3d at 1298. The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, there is a Sixth Amendment violation because the district court enhanced Wood's sentence, under a mandatory Guidelines system, for obstruction of justice based on its fact-finding that Wood had given false testimony at his first trial and suppression hearing. <u>Rodriguez</u>, 398 F.3d at 1298. Wood has thus established the first two prongs of plain-error review. <u>Rodriguez</u>, 398 F.3d at 1298-99.

However, as to the third prong, Wood has not established that the <u>Booker</u> error affected his substantial rights. The third prong of the plain-error test "almost always requires that the error must have affected the outcome of the district court proceedings." <u>Id.</u> at 1299 (quotation marks and citations omitted). "The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability sufficient to undermine confidence in the outcome." <u>Id.</u> (quotation marks and citations omitted).

5

In this case, the sentencing record provides no basis for a conclusion that Wood has shown a reasonable probability of a more lenient sentence under an advisory Guidelines regime. We recognize that the district court stated, in calculating the Guidelines range, that the obstruction-of-justice enhancement "unfortunately put [Wood] at a[n] offense level of 30. . . ." However, in sentencing Wood, the district court explicitly stated that his 97-month sentence was "the appropriate sentence in terms of punishing him for his past criminal activity and also to act as a deterrent for any future criminal activity." (Emphasis added). The district court's comment about the offense level in no way suggests that the court was disposed to give a lower sentence, but instead represents the obvious fact that Wood's conduct, unfortunately for Wood, yielded an obstruction-of-justice enhancement and a higher offense level. Moreover, even if we read the district court's comments at sentencing, taken as a whole, to be ambiguous, Wood still would not have carried his burden of showing that the error actually did affect his substantial rights. We repeat that "[w]here errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant." Rodriguez, 398 F.3d at 1300.

Further, although the district court sentenced Wood at the low end of the Guidelines range, this Court has held that "the fact that the district court sentenced the defendant to the bottom of the applicable guidelines range establishes only that the court felt that sentence was appropriate under the mandatory guidelines system. It does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime." United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005); see also United States v. Cartwright, 413 F.3d 1295, 1301 (11th Cir. 2005) (same). The district court expressed no desire to impose a lower sentence.

Thus, we conclude that Wood has not satisfied the third prong of plain-error review. Accordingly, we affirm Wood's sentence of 97 months' imprisonment.

**AFFIRMED.**