[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2006
THOMAS K. KAHN
CLERK

No. 04-15882
Non-Argument Calendar

_____

D. C. Docket No. 04-00017-CR-01-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANTHONY GARRETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 28, 2006)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Charles Anthony Garrett appeals his 80-month sentence, imposed after he

pled guilty to maintaining a drug establishment, in violation of 21 U.S.C. § 856(a)(2). After review, we affirm Garrett's sentence.

## I. BACKGROUND

Garrett pled guilty to maintaining a drug establishment after officers from the Drug Enforcement Agency, the Wrightsville, Georgia Police Department and the Johnson County, Georgia Sheriff's Office executed search warrants to search Garrett's residence and surrounding properties and discovered 79.4 grams of methamphetamine; 1.9 grams of pseudoephedrine; equipment commonly used to manufacture methamphetamine; surveillance cameras; eighteen rifles; and one handgun. In a storage shed on another parcel of property owned by Garrett, officers found more equipment used to manufacture methamphetamine and determined that the shed had been used as a methamphetamine lab. At his sentencing hearing, Garrett testified that he had permitted others to use his property to manufacture methamphetamine, and in exchange he was given some methamphetamine for his personal use.

At sentencing, the district court calculated Garrett's base offense level using the drug quantity tables in the Sentencing Guidelines. The 79.4 grams of methamphetamine and the 1.9 grams of pure pseudoephedrine found in Garrett's residence combined had a total marijuana equivalency of 177.8 kilograms,

resulting in a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7). In addition, the district court imposed a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because of the proximity of some of the weapons to the methamphetamine and to the lab found during the search. With an adjusted offense level of 28 and a criminal history category of I, the district court concluded that Garrett's Guidelines range was 78 to 97 months' imprisonment.

During the sentencing hearing, Garrett objected to the finding that the firearms found at his residence were connected to the underlying controlled substance offense. Garrett claimed that he used his rifles to hunt and for target practice and that he was repairing the handgun for a friend. He also objected to using the amount of drugs discovered during the search to determine his base offense level. Garrett argued that he was entitled to a four-level reduction of his base offense level under U.S.S.G. § 2D1.8 because he had only minimally participated in the underlying offense. The district court overruled Garrett's objections and sentenced Garrett to 80 months' imprisonment. Garrett then appealed his sentence.

## II. DISCUSSION

On appeal, Garrett argues that the district court committed constitutional error under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), when it

3

enhanced his sentence based on drug quantity and firearm possession under a mandatory system pursuant to the Sentencing Guidelines. Because Garrett did not raise his Booker argument in the district court, we review his sentence for plain error.[1]

Under a plain error analysis, a defendant must show "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005) (quoting United States v. Cotton, 533 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). If the defendant is able to make a showing of all three, we then may exercise discretion to notice the error if the error "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (citation omitted). In the context of Booker errors, "'[a] defendant's substantial rights are affected when there is a

---

[1]We reject Garrett's contention that he has preserved his constitutional Booker issue for review and is entitled to a de novo review. To preserve a constitutional Booker error, a defendant must either refer to the Sixth Amendment, Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or other related cases, or to the right to have the jury decide a disputed fact, or raise a challenge to the role of the judge as fact finder with regard to sentencing. United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir.), cert. denied, 126 S. Ct. 462 (2005). An objection based solely on the sufficiency of the evidence is insufficient to preserve constitutional error. Id. Garrett never referred to the Sixth Amendment, to a right to have the issue of drug quantity decided by a jury rather than a judge, to any of Booker's precursor cases, or to the judge's inability to serve as a fact-finder. Therefore, we must review Garrett's claim for plain error. See Fed. R. Crim. P. 52(b); Dowling, 403 F.3d at 1246-47.

Garrett's reliance on United States v. Paz, 405 F.3d 946 (11th Cir. 2005), is misplaced. In Paz, the defendant specifically objected to the judge applying an enhancement based on facts that were neither charged in the indictment nor admitted by him in his plea agreement. Paz, 405 F.3d at 948. Here, unlike in Paz, Garrett made objections based only on the sufficiency of evidence and did not explicitly raise or address the constitutional issue at or before the sentence hearing.

4

reasonable probability that the district court would have imposed a different sentence if the guidelines were not mandatory.'" United States v. York, 428 F.3d 1325, 1336 (11th Cir. 2005) (citation omitted). In regard to the third prong, the burden rests with the defendant to show prejudice. Rodriguez, 398 F.3d at 1299. "Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test." Id. at 1300.

Here, Garrett was sentenced under a mandatory Guidelines scheme. Thus, the first two prongs of the plain error test are satisfied. However, Garrett has not carried his burden to show a reasonable probability of a different result if the district court had applied the Sentencing Guidelines in an advisory rather than mandatory fashion.

If anything, the record shows the district court would not have imposed a lower sentence under an advisory Guidelines system. The district court sentenced Garrett to 80 months of imprisonment although it could have sentenced Garrett to as low as 78 months under a mandatory Guidelines system. Had the district court found the sentence under the mandatory Guidelines to be too harsh or inappropriate, it likely would have sentenced Garrett to the lowest possible sentence allowed. See United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005) (finding no plain error where defendant was sentenced at the upper end of

5

the guidelines range). Furthermore, the district court made numerous comments during the sentencing hearing indicating that it found the 80-month sentence to be appropriate under the circumstances. See United States v. Wood, 430 F.3d 1323, 1326 (11th Cir. 2005) (finding defendant failed to satisfy third prong of plain error test where district court had stated that the sentence given was "the appropriate sentence" under the circumstances); York, 428 F.3d at 1336 (finding defendant failed to meet third prong of plain error test where district court had noted that sentence was "appropriate" in light of the facts).

In sum, on this record, Garrett has not met his burden of showing a reasonable probability that the result of sentencing would have been different but for the Booker error and, thus, has not shown plain error. Accordingly, we affirm Garrett's 80-month sentence.

**AFFIRMED**.