[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15129
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-00050-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWEY WAYNE SALTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 31, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Dewey Wayne Salter appeals his 15-month sentence imposed

upon revocation of his supervised release, 18 U.S.C. 3583. Salter argues that the district court erred when it calculated the applicable advisory guideline range because it incorrectly determined that his violation of supervised release for driving under the influence of alcohol was a grade B violation. Salter did not raise this argument before the district court until he filed a motion for relief under Fed.R.Crim.P. 35(a), after he filed the present notice of appeal. Salter did not amend the notice of appeal or file a new one after the district court denied his Rule 35(a) motion.

## *Scope of Appeal*

"We have an obligation to review *sua sponte* whether we have jurisdiction." *United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005). "We review questions of jurisdiction *de novo*." *Id.* Under Fed.R.App.P. 4(b)(1)(A)(i), a criminal litigant must file a notice of appeal within ten days after the entry of judgment or the order being appealed. *Cartwright*, 413 F.3d at 1299. "Absent the filing of a timely notice of appeal, a Court of Appeals is without jurisdiction to review the decision on the merits." *Id.* (citation omitted). Under Fed.R.App.P. 3(c), the notice of appeal must designate the judgment, order, or part being appealed. *Cartwright*, 413 F.3d at 1299-1300. When a criminal litigant files a notice of appeal after final judgment, but before the denial of a motion to correct a

2

sentence under Fed.R.Crim.P. 35(a), the litigant must file a new notice of appeal or amend the prior notice of appeal for us to have jurisdiction to review the denial of the Rule 35(a) motion. *See Cartwright*, 413 F.3d at 1300.

In this case, the record demonstrates that Salter did not file a new notice of appeal or amend his original notice of appeal after the district court denied his Rule 35(a) motion. Accordingly, we lack jurisdiction to review the district court's denial of the Rule 35(a) motion. *See id.*

**Sentence *upon Revocation of Supervised Release***

We do have jurisdiction to review the final judgment. Since Salter did not timely object to the district court's application of the Guidelines, we review the sentence for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See id.* at 831-32. Under the third prong of the plain error test, the burden is on Salter to show that there is a reasonable probability that the error affected the outcome of the district court proceeding. *United States v. Wood*, 430 F.3d 1323, 1326 (11th Cir. 2005). If an uncertainty exists, the appellant has not carried his burden to show that the error affected his substantial rights. *See id.*

3

After *United States v. Booker*, 543 U.S. 220, 125 S. Ct 738 (2005), we established a two-part process for district courts to use in calculating sentences. *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). First, the district court must consult and correctly calculate the range recommended by the Sentencing Guidelines. *Id.* Second, the district court must fashion a reasonable sentence by considering the factors enumerated in § 3553(a). *Id.*

Under U.S.S.G. § 7B1.1, there are three grades of supervised release violations. The two that are pertinent to this case are the following:

> (2) Grade B Violations--conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;
>
> (3) Grade C Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. §7B1.1(a). Upon revocation of supervised release, guideline section 7B1.4 provides the recommended ranges of imprisonment. *See* U.S.S.G. §7B1.4. When a grade B violation of supervised release is coupled with an original criminal history category of VI, the applicable guideline range is 21 to 27 months' imprisonment. *Id.* However, when the offense that resulted in the term of supervised release was a class C felony, the statutory maximum sentence for revocation of supervised release is 24 months' imprisonment. 18 U.S.C.

4

§ 3583(e)(3). When a grade C violation is coupled with a criminal history category of VI, the applicable guideline range is 8 to 14 months' imprisonment. U.S.S.G. §7B1.4(a).

Under the Alabama Code, a person's fourth DUI conviction shall be punished by, among other things, a term of "imprisonment of not less than one year and one day nor more than 10 years." Ala. Code § 32-5A-191(h). The Code then provides that "[a] prior conviction within a five-year period for driving under the influence of alcohol or drugs . . . shall be considered by a court for imposing a sentence pursuant to this section." Ala. Code § 32-5A-191(o). In *Hankins v. State*, the Alabama Court of Criminal Appeals held that Ala. Code § 32-5A-191(o) "restricted the use of prior DUI convictions for sentencing purposes to only those convictions that occurred within the five-year period immediately preceding the current conviction." *Hankins v. State*, __ So.2d __, ___, CR-06-0310 (Ala. Crim. App. Sep. 28, 2007). Thus, a person with no DUI convictions within a five-year period preceding the conviction may not be sentenced to more than one year of imprisonment. Ala. Code. § 32-5A-191(e).

In this case, the government concedes that there was an error that was plain because the district court calculated Salter's guideline imprisonment range as 21 to 24 months instead of 8 to 14 months. However, we conclude that Salter has not

shown that there is a reasonable probability that his sentence would have been different had the sentencing judge correctly calculated the advisory guideline range. Accordingly, we affirm the sentence because Salter has not satisfied his burden under the third prong of the plain error standard.

**AFFIRMED.**